# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

DAVID SHAKIR                                                                      PLAINTIFF

V.                                                          CAUSE NO. 2:10CV153-NBB-DAS

CHASE HOME FINANCE, N.A.                                                          DEFENDANT

## REPORT AND RECOMMENDATIONS

This matter is before the court on the *pro se* plaintiff's Petition for Temporary Injunction (# 3) which the court interprets as a motion for a temporary restraining order and/or preliminary injunction under FED. R. CIV. P. 65. The plaintiff filed the complaint (# 1) along with the instant petition on September 8, 2010, presumably seeking to prevent the defendant, Chase Home Finance, N.A., from foreclosing on his real property. According to the petition, the plaintiff "entered into a consumer contract for the refinance of a primary residence." However, neither the complaint nor the petition contains a date for the impending foreclosure on the property. Additionally, neither the complaint nor the petition provides specific information regarding the terms of the loan agreement or specific facts supporting many of the claims lodged against the defendant. Indeed, both the complaint and petition consist largely of generalized statements regarding predatory lending practices used in the banking industry and vague claims of wrongdoing committed by unidentified defendants.

The Fifth Circuit has explained that "[a] temporary restraining order is a 'stay put,' equitable remedy that has as its essential purpose the preservation of the status quo while the merits of the cause are explored through litigation." *Foreman v. Dallas County, Tex.,* 193 F.3d

314, 323 (5th Cir.1999). A TRO or preliminary injunction "is typically granted during the pendency of a lawsuit to prevent irreparable injury that may result before a final decision on the merits." *Shanks v. City of Dallas, Tex.,* 752 F.2d 1092, 1096 (5th Cir.1985). In order to obtain injunctive relief, the plaintiff must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunctive order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunctive order would inflict on the non-movant; and (4) the injunctive order would serve the public interest. *Women's Med. Ctr. v. Bell,* 248 F.3d 411, 418-20 (5th Cir.2001).

In both the complaint and instant petition, the plaintiff makes the following allegations: (1) "Defendants acted in concert and collusion with others, induced Petitioner to enter into a predatory loan agreement with Defendant;" (2) "Defendants committed numerous acts of fraud against petitioner in furtherance of a carefully crafted scheme intended to defraud Petitioner;" (3) "Defendants failed to make proper notices to Petitioner that would have given Petitioner warning of the types of tactics used by Defendants to defraud Petitioner;" (4) "Defendants charged false fees to Petitioner at settlement;" (5) "Defendants used the above referenced false fees to compensate agents of Petitioner in order to induce said agents to breach their fiduciary duty to Petitioner;" and (6) "Defendant's attorney caused to be initiated collection procedures, knowing said collection procedures in the instant action were frivolous as lender is estopped from collection procedures, under authority of Uniform Commercial Code 3-501, subsequent to the request by petitioner for the production of the original promissory note alleged to create a debt." Based on this, the plaintiff has not established that he is entitled to either a temporary restraining

2

order or preliminary injunction for the alleged fraudulent acts. *See* Federal Rule of Civil Procedure 9(b). Moreover, the plaintiff has failed to establish that there is any real danger of imminent and irreparable harm. Again, the record before the court does not provide a date certain for the alleged foreclosure sale. Furthermore, the petition merely provides the conclusory statement that the plaintiff will suffer "imminent and irreparable injury" and that there is "no adequate remedy at law" because of the likelihood alone that the property will be sold to someone else. Therefore, because the plaintiff has neither demonstrated that there is a substantial likelihood of success on the merits nor that there is a substantial threat of irreparable injury if the motion is not granted, the extraordinary remedy he seeks is not warranted. Accordingly, it is recommended that the instant motion for injunctive relief be denied.

The parties are referred to 28 U.S.C. §636(b)(1)(B) and FED. R. CIV. P. 72(b) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 14th day of January, 2011.

                                                        /s/ David A. Sanders
                                                        **UNITED STATES MAGISTRATE JUDGE**