**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**DAVID SHAKIR**                                                                          **PLAINTIFF**

**V.**                                                            **CAUSE NO. 2:10CV153-NBB-JMV**

**CHASE HOME FINANCE, N.A.**                                    **DEFENDANT**

## REPORT AND RECOMMENDATION

Before the court are the *pro se* plaintiff David Shakir's Motion for Entry of Default (# 15) and Motion for Default Judgment (# 16). These matters have been referred to the undersigned United States Magistrate Judge for issuance of a report and recommendation. Having reviewed the pleadings on file and the record, the undersigned is of the opinion that the plaintiff's motions should be denied.

The plaintiff filed his complaint (# 1) on September 8, 2010, and process was served by the U.S. Marshal pursuant to certified mail on September 23, 2010 (# 9). The defendant failed to file an answer on or before October 14, 2010, the deadline for responding to the complaint.[1] However, on February 4, 2011, the defendant filed a Motion for Judgment on the Pleadings (# 12). Then, on February 15, 2011, the plaintiff filed the instant motions for entry of default and for default judgment. In support of his motion for entry of default, the plaintiff attached his affidavit. Among other things, the plaintiff's affidavit states that the "Defendant has failed to appear, plead or otherwise defend within the time allowed and, therefore is now in default."

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the clerk must enter the

---

[1] Rule 12(a)(1)(A)(i) of the *Federal Rules of Civil Procedure* requires that a defendant serve an answer within 21 days of service with the summons and complaint.

default of any party who fails to "plead or otherwise defend." Additionally, Rule 55(b)(1) allows the court to enter judgment against a defaulting party under specified circumstances. However, "[d]efault judgments are a drastic remedy, not favored by the *Federal Rules* and resorted to by courts only in extreme situations." *Sun Bank Ocala v. Pelican Homestead & Sav. Assoc.*, 874 F.2d 274, 276 (5th Cir. 1989) (citations omitted). "[T]hey are available only when the adversary process has been halted because of an essentially unresponsive party.'" *Id.* (citations and internal quotation omitted). "[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (internal quotation and citations omitted). Ultimately, the authority to grant a default judgment is within the sound discretion of the trial court. *See Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.*, 555 F.3d 422, 424 (5th Cir. 2009).

In this case, the defendant did not file an answer to the complaint within the time prescribed by Rule 12. Nevertheless, on February 4, 2011, the defendant filed a motion for judgment on the pleadings.[2] Not until February 15, eleven days after the filing of the defendant's motion, did the plaintiff move for entry of default and default judgment. Under these circumstances, the filing of the defendant's motion constituted an appearance and should have clearly conveyed to the plaintiff the defendant's intent to defend this lawsuit.[3] Accordingly, on

---

[2]The court notes that the defendant's motion for judgment on the pleadings addresses all of the plaintiff's claims and is premised in large part upon the failure to state a claim defense provided for under Rule 12(b)(6).

[3]The court acknowledges that the defendant failed to file a response to the plaintiff's motions for entry of default and for default judgment. However, this failure is not fatal to the defendant in this instance because the record simply does not warrant granting the relief requested by the plaintiff.

this record the requirements of Rule 55(a) have not been satisfied, and entry of a default judgment under Rule 55(b) would be improper.[4]  Therefore, it is recommended that the plaintiff's motion for entry of default and motion for default judgment be denied.

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained.  The parties are warned that any such objections are required to be in writing and must be filed within fourteen days of this date.  Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 8th day of July, 2011.

                **/s/ Jane M. Virden**
                **UNITED STATES MAGISTRATE JUDGE**

---

[4]Entry of a default is a prerequisite to a later default judgment.  10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 55.10[1] (3d. ed. 2011).  In this case, the clerk has not made an entry of default against the defendant.