**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

| | |
|---|---|
| **DAVID SHAKIR** | **PLAINTIFF** |
| **V.** | **CAUSE NO. 2:10CV153-NBB-JMV** |
| **CHASE HOME FINANCE, N.A.** | **DEFENDANT** |

## REPORT AND RECOMMENDATION

Before the court is the defendant's motion for judgment on the pleadings (# 12) filed pursuant to FED. R. CIV. P. 12(c). As discussed below, it is recommended that the motion be treated as one under FED. R. CIV. P. 12(b)6 and that it be granted on the basis of the doctrine of *res judicata*.

## Facts

On April 4, 2007, Plaintiff David Shakir executed and delivered a note and deed of trust to Chase Bank USA, N.A. for $296,000.00.[1] On June 27, 2008, the plaintiff, acting pro se, filed a complaint (hereinafter "the first complaint") against Nationwide Trustee Services, Inc (hereinafter "Nationwide"), alleging that as trustee under the aforesaid deed of trust, it had undertaken to wrongfully/fraudulently foreclose the deed of trust and had unlawfully undertaken to collect the debt. On April 15, 2010, a final judgment in the first action was entered in favor of the defendant, the court finding expressly that the foreclosure and debt collection were lawful and the claims of

---

[1]The defendant attached a copy of the note to its motion to dismiss. The note is referred to by the plaintiff in the Complaint on page 3, line 82.

fraud were unsupported. A motion for reconsideration in the first action was subsequently denied, and the matter was not appealed. Instead, on September 10, 2010, the plaintiff, again acting pro se, filed the instant action (hereinafter "the second action") against Chase Home Finance, N.A. ("Chase").

Chase has asserted in this second action that it is the holder of the aforementioned note and deed of trust by virtue of an assignment on March 20, 2008.[2] In the second action, the plaintiff asserts a myriad of claims under several federal statutes and state laws arising from alleged wrongful foreclosure under the deed of trust and the alleged unlawful collection of the debt. He again seeks a determination that the subject deed of trust is unenforceable and may not be lawfully foreclosed. In its Rule 12(c) Motion to Dismiss, the defendant argues, among other grounds individually addressed to fewer than of all of the claims, that dismissal of all claims on the basis of *res judicata* is appropriate . The court feels it necessary to address only the issue of *res judicata*.

## **Legal Standard**

a. Rule 12(c) and Rule 12(b)6

Rule 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Because the defendant has not answered the complaint, the pleadings are not considered closed. Nevertheless, under these circumstances, a court may treat a Rule 12(c) motion as one to dismiss or as one for summary judgment. *See Knight v. Storex Systems, Inc.*, 739 F. Supp. 739, 743 (N.D. N.Y June 25, 1990) (citing *Williams v. Walnut Park Plaza*, 68 F. Supp. 957 (E.D. Pa. Aug. 26, 1946). *See also New York State United Teachers v. Thompson*, 459 F. Supp. 677, 680 (D.C. N.Y. 1978) (citation omitted) (considering

---

[2]The defendant, Chase Home Finance, LLC, is apparently incorrectly named in the complaint.

2

motion for judgment on the pleadings as a motion to dismiss for failure to state a claim where defendant had not answered the complaint but the Rule 12(c) motion was premised upon defenses that were to be made before pleading). In this case, the defendant's Rule 12(c) motion is premised upon the plaintiff's failure to state a claim upon which relief may be granted as provided for in Rule 12(b)(6).[3] Accordingly, it is appropriate to treat the defendant's Rule 12(c) motion as a 12(b)(6) motion to dismiss.[4]

Rule 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). To defeat a Rule 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* ––– U.S. –––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S.Ct. at 1965.

In ruling on a Rule 12(b)(6) motion to dismiss, the district court cannot look beyond the pleadings, *Cinel v. Connick,* 15 F.3d 1338, 1341 (5th Cir.1994), and must "accept[ ] as true those well-pleaded factual allegations in the complaint," *Test Masters Educ. Services, Inc. v. Singh ,* 428 F.3d 559, 570 (5th Cir. 2005). Conclusory allegations are not accepted as true, however. *Kaiser*

---

[3] FED. R. CIV. P. 12(h)(2) provides that "[f]ailure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c) . . . ."

[4] This is a sensible and efficient considering that the standard of review under Rule 12(b)(6) also applies to motions for judgment on the pleadings under Rule 12(c). *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n. 8 (5th Cir. 2002) ("the standards for deciding motions under both rules 12 (b)(6) and 12(c) are the same").

*Aluminum & Chem. Sales, Inc. v. Avondale Shipyards*, 677 F.2d, 1045, 1050 (5th Cir. 1982). In addition to facts alleged in the pleadings, the district court "may also consider matters of which [it] may take judicial notice." *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017-18 (5th Cir. 1996). And "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust,* 500 F.3d 454, 461 n. 9; *see also Cinel,* 15 F.3d at 1343 n. 6 ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record.").

A district court may also consider certain documents that the defendant attached to the motion to dismiss. *See Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498–99 (5th Cir. 2000). But the Fifth Circuit has "restricted such consideration to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan v. Tex. A & M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins,* 224 F.3d at 498–99); *see also Causey v. Sewell Cadillac–Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir. 2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.") "If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins,* 305 Fed.Appx. 224, 227-228, 2008 WL 5352000, *3 (5th Cir. 2008) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortgage Corp. of Tex.,* 20 F.3d 1362, 1366 (5th Cir. 1994)). "Although the Federal Rules of Civil Procedure generally require that an affirmative defense be pled in the defendant's answer, when all relevant facts are shown by the court's own records, of which the court takes notice, the defense may be upheld on a Rule 12(b)(6) motion without requiring an answer." *Hall v. U.S.*, No. 6:06-CV-528, 2008 WL 276397, *2 (E.D. Tex. Jan. 30, 2008) (citations and internal quotation omitted).

b. *Res judicata*

*Res judicata*, also known as claim preclusion, prohibits parties from relitigating issues that were decided in a prior lawsuit, as well as any issues that could have been raised in the previous lawsuit. *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981). Therefore, after a final judgment in favor of a defendant, *res judicata* operates as a complete bar to a plaintiff seeking to bring a second suit based upon the same event or series of events, even if the plaintiff asserts additional facts or proceeds under a different legal theory. *Mock v. Epps,* No. 4:06cv39-P-A, 2006 WL 1050534, *1 (N.D. Miss. April 20, 2006) (citing *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979)). As applied in federal courts, the concept of *res judicata* "bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication . . . not merely those that were adjudicated." *Uithoven v. U.S. Army Corps of Eng'rs,* 884 F.2d 844, 847 (5th Cir. 1989); *Nilsen v. City of Moss Point, Miss.,* 701 F.2d 556, 560 (5th Cir. 1983) (en banc) (emphasis added). In the Fifth Circuit, *res judicata* bars a claim if the following requirements are satisfied: (1) the parties are identical in both actions, (2) the prior judgment was rendered by a court of competent jurisdiction, (3) the prior judgment was final "on the merits," and (4) the two cases involve the same cause of action. *Ellis v. Amex Life Ins. Co.,* 211 F.3d 935, 937 (5th Cir. 2000); *Travelers Ins. Co. v. St. Jude Hosp.,* 37 F.3d 193, 195 (5th Cir. 1994).

**Analysis**

The defendant generally argues that the plaintiff's claims are precluded by a final judgment in the first action in this court, *Shakir v. Nationwide Trustee Services, Inc.*, No. 2:08cv178-WAP-SAA. Specifically, the defendant argues that a judgment was granted in favor of its trustee, Nationwide, in the first action and that the plaintiff should have named Chase as a

5

defendant in that action.[5]

As an initial matter, pursuant to Federal Rule of Evidence 201, the court now takes judicial notice of the first action, *Shakir v. Nationwide*, which took place in this court. Specifically, the court takes judicial notice of the following documents from the prior litigation:

1. State Court Complaint (# 2);

2. Motion for Summary Judgment in Response to Order (# 43);

3. Defendant Nationwide Trustee Services, Inc.'s Second Motion and Brief for Summary Judgment (# 51);

4. Final Judgment (# 52); and

5. Memorandum Opinion (# 53)

In this case, the first prong to consider in application of the doctrine of *res judicata*, identity of the parties, is met. For *res judicata* purposes, strict identity of parties is not required. *Clifton v. Warnaco, Inc.,* 53 F.3d 1280, 1995 WL 295863, *6 (5th Cir. 1995) (unpublished). A defendant who was not a party to a prior litigation may nonetheless assert *res judicata* as an affirmative defense so long as it is in privity with the prior named defendant(s). *Id.* (citing *Russell v. SunAmerica Sec., Inc.,* 962 F.2d 1169, 1173 (5th Cir. 1992)). "Privity is merely another way of saying that there is sufficient identity between parties to prior and subsequent suits for *res judicata* to apply . . . . [I]t is nothing more than a 'legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion.' " *Id.* (quoting *Meza v. General Battery Corp.,* 908 F.2d 1262, 1266 (5th

---

[5]The defendant does not expressly state that this action is precluded by the prior action under the doctrine of *res judicata*. Even so, the court notes that it may dismiss an action *sua sponte* on *res judicata* grounds when, in the interest of judicial economy, both actions were brought before the same court. *See Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980).

Cir. 1990)).

For *res judicata* purposes, the Fifth Circuit has held that privity exists in three instances: (1) where the non-party is the successor in interest to a party's interest in property, (2) where the nonparty controlled the prior litigation, and (3) where the non-party's interests were adequately represented by a party to the original suit. *Id.* It is the third situation that is present in this case, where the non-party's (Chase) interest were adequately represented by a party to the original suit. Shakir instituted the first action against Nationwide, the trustee appointed by Chase per the deed of trust on the property.[6] "A non-party [to the original litigation] . . . is adequately represented where a party in the prior suit is so closely aligned to [the non-party's] interests as to be [the non-party's] virtual representative." *Id.* (citing *Eubanks v. Fed. Deposit Ins. Corp.,* 977 F.2d 166, 170 (5th Cir.1992)). Privity is a broad concept, and requires a court to look at all surrounding circumstances to determine whether application of *res judicata* is justified. *Id.*

With respect to the second prong of the *res judicata* analysis, the judgment was entered by a court of competent jurisdiction. The prior judgment, ordering dismissal with prejudice, was entered by U. S. District Judge Allen Pepper of the U. S. District Court for the Northern District of

---

[6]Section 41 of the Restatement 2d of Judgments states:

Person Represented By A Party

(1) A person who is not a party to an action but who is represented by a party is bound by and entitled to the benefits of an action as though he were a party. A person is represented by a party who is:

(a) The trustee of an estate or interest of which the person is a beneficiary; or

. . . .

RESTATEMENT (SECOND) OF JUDGMENTS § 41 (1982).

Mississippi.

The third prong is met as well--there was a final judgment on the merits when Judge Pepper entered a Final Judgment (# 52) granting summary judgment in favor of Nationwide and dismissing all of the plaintiff's claims with prejudice on April 15, 2010.[7] A prior judgment is considered final "on the merits" only if rendered after the parties have been given a reasonable opportunity to litigate a claim before a court of competent jurisdiction, and the final judgment completely disposes of the underlying cause of action or determines that the plaintiff has no cause of action. *Kaspar Wire Works, Inc.,* 575 F.2d at 537-38; *Moore v. Prine,* 2006 WL 2524216 at *2 (S.D. Miss. 2006). A dismissal which is designated "with prejudice" is normally an adjudication on the merits for purposes of *res judicata. Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 n. 8 (5th Cir.1993). The prior judgment in this matter was sufficiently final on the merits.

Finally, the two cases involve the same cause of action. To determine whether the same cause of action is involved, the Fifth Circuit utilizes the Restatement (Second) of Judgment's transactional test, which states that the critical issue is not the relief requested or the theory asserted by the plaintiff, but whether the plaintiff bases the two actions on the "same nucleus of operative facts." *In re Ark-La-Tex Timber Co., Inc.,* 482 F.3d 319, 330 (5th Cir.2007); *Travelers Ins. Co.,* 37 F.3d at 195. Making a determination of whether the same nucleus of operative facts is present requires that the court analyze "the factual predicate of the claims asserted, not the legal theories upon which the plaintiff relies." *In re Ark-La-Tex Timber Co., Inc.,* 482 F.3d at 330 (citing *Eubanks v. F.D.I. C.,* 977 F.2d 166, 171 (5th Cir.1992)). A judgment on the merits

---

[7]The plaintiff subsequently filed a Motion for Reconsideration (#54) which was denied by Order (# 58) on October 1, 2010. The plaintiff did not appeal this order.

operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit. *Eubanks,* 977 F.2d at 171 (citing *Nilsen v. City of Moss Point, Miss.,* 701 F.2d 556, 564 (5th Cir.1983)).

In this case, Shakir attempts to portray the second action as a different cause of action against a different defendant. However, what is important for *res judicata* purposes is that his "causes of action all revolve around the same nucleus of operative facts." *Res judicata* operates as a complete bar to a plaintiff seeking to bring a second suit based upon the same event or series of events, even if the plaintiff asserts additional facts or proceeds under a different legal theory, and bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication . . . not merely those that were adjudicated." *Hall v. U. S.,* *6 (E.D. Tex. 2008) (citation and internal quotation omitted). It is clear that Shakir's causes of action in both proceedings revolve around the impending foreclosure on his property and Chase's right to foreclose.

> The complaint in the first action stated:
>
> Plaintiff was served a notice by the above named defendant [Nationwide] asserting to be acting as a substitute trustee alleging a debt for which I have sought on more than occasion a validation of said debt . . . It would be unjust enrichment for the Defendant to be able to legal [sic] obtain the property (if) there exists any irregularities in the process of foreclosure.

State Court Complaint (# 2).

Essentially, the plaintiff charged in the first action that Nationwide did not have the legal right to foreclose upon his residence because it had not verified that it was the holder of the deed of trust. *See* Memorandum Opinion #53. The plaintiff brought his claim under, among others, the Fair Debt Collection Practices Act ("FDCPA"). *Id.* The plaintiff asked for a judgment in the form of "relief of lien" and a refund of all payments plus interest. *See* Motion for Summary

9

Judgment in Response to Order #43.  In its Memorandum Opinion which granted Nationwide's Second Motion for Summary Judgment, the court pointed out that Nationwide had ceased foreclosure upon Shakir's property upon the filing of that lawsuit in compliance with the FDCPA. *Id.*  The court found that the original deed of trust was executed between Shakir and Chase Bank USA, N.A.; that Chase Bank USA, N.A., assigned the deed of trust to Chase Home Finance, LLC; and that Chase Home Finance, LLC appointed and substituted Nationwide as trustee for the subject deed of trust.  *Id.*  Ultimately, the court concluded that "Nationwide had a legal right to foreclose on the subject property since it was assigned the right by the debt holder."  *Id.*

In the second action, the plaintiff begins his complaint with a six page introduction titled "Statement of Cause."  Compl. at 1.  Within this introduction, the plaintiff alleges defendants [sic] induced him to enter into a "predatory loan agreement;" "committed numerous acts of fraud;" "failed to make proper notices" that would have given warning of "tactics used . . . to defraud" the plaintiff; "charged false fees;" and used false fees to "compensate" agents of the plaintiff to induce them to breach their fiduciary duty to plaintiff.  *Id.* at 1-2.  The complaint also alleges that

> [d]efendant's attorney caused to be initiated collection procedures, knowing said collection procedures in the instant action were frivolous as lender is estopped from collection procedures, under authority of Uniform Commericial Code 3-501, subsequent to the request by Petitioner for the production of the original promissory note alleged to create a debt."

*Id.*  Under a section entitled "Petitioner Will Prove the Following," the plaintiff indicates that he will prove, among other things, that the "[l]ender has no legal standing to bring collection or foreclosure claims against the property."  Compl. at 6.  The complaint goes on to allege that any loan between the plaintiff and the lender was fraudulent and that the lender "conspired with [a]gents" to strip the plaintiff of his equity in the property by "inducing Plaintiff to enter into a predatory loan inflated loan product." *Id.*  Additionally, it is alleged that the plaintiff seeks,

among other things, declaratory relief

> as to what (if any) party, entity or individual or group thereof is the owner of the promissory note . . . and whether the Deed of Trust . . . secures any obligation of the Petitioner, and a Mandatory Injunction requiring re-conveyance of the subject property to the Petitioner or, in the alternative a Final Judgment granting Petitioner Quiet Title in the subject property.

Compl. at 7. The complaint further states:

> Lender acted with deliberate malice in order to induce petitioner to enter into a loan agreement on which Lender intended petitioner to default. In case of default, the Lender, acting as servicer, receivers considerable funds for handling and executing the foreclosure process.

Compl. at 10.

Following this, the complaint alleges certain violations under RESPA; a claim under the Deceptive Practices Act, 15 U.S.C. § 45 et seq.; claims for unjust enrichment, to quiet title, rescission, common law fraud, breach of fiduciary duty, breach of an implied covenant of good faith and fair dealing, and intentional infliction of emotional distress; and breach of a duty of care under the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601, *et. seq.*, Homeownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et. seq.* Compl. at 18-23.

First, Shakir's TILA, RESPA and HOEPA claims are based on the same nucleus of operative facts that supported his fraud and FDCPA claims in the prior action, primarily Chase's attempt to enforce its security interest in the property by way of foreclosure. Indeed, in his response to the instant motion, Shakir makes reference to the prior action and states that

> to date [a copy of validation of the original debt on the property] . . . is still a question in the plaintiff's mind and the Plaintiff was hopeful that through the maize [sic] of documents and communications that lasted over two years that the Honorable Judge would also request this information from the Defendant.

Shakir could have, but did not, raise the foregoing claims in the prior action as defenses to Chase's

right to foreclose on the property. Moreover, in this action, as with the first action, Shakir sought injunctive relief in the form of an order preventing foreclosure. *See* Report and Recommendation (#10). Accordingly, *res judicata* prohibits Shakir from raising the foregoing claims now. *Cf. Byrd v. Homecomings Financial Network*, 407 F.Supp.2d 937, 944-45 (N.D. Ill. Dec. 29, 2005). *See also Hall v. Hodgkins*, 305 Fed.Appx. 224, 228-229, 2008 WL 5352000, *4 (5th Cir. 2008) (5th Cir. 2008) (finding same nucleus of operative facts where prior claim was based on allegation of termination of plaintiff's membership in a federally chartered corporation in retaliation for whistle blowing and subsequent action was based upon denial of plaintiff's reapplication for membership) (unpublished opinion).

Second, *res judicata* bars Shakir's Deceptive Practices Act claim and state law claims. A single group of operative facts dealing with Chase's right to foreclose on the property underlie these claims as well. Shakir could have raised any of these claims against Chase during the first action. *See Byrd*, 407 F. Supp.2d at 945 (citations omitted).

## **Recommendation**

Based on the foregoing findings and conclusions, it is recommended that the defendant's motion to dismiss be granted and that the complaint be dismissed with prejudice.

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and

legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 29th day of August, 2011.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE